UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEVIN ERIC LAMM,

        Plaintiff,

v.                                    Case No. 3:23-cv-848-MMH-PDB

RICKY D. DIXON, et al.,

        Defendants.

_____

## ORDER

       Before the Court is Plaintiff Devin Eric Lamm's Motion for Emergency Temporary Restraining Order (TRO Motion; Doc. 3) and Emergency Motion for Appointment of Counsel (Doc. 4), which Lamm filed with a Civil Rights Complaint Form (Doc. 1) and an Application to Proceed in Forma Pauperis (IFP) (Doc. 2). In the TRO Motion, Lamm asserts he is a prisoner with a "well documented and evidenced mental health history" and has cut himself so severely 25 times that he has required treatment, including blood transfusions, at outside hospitals. See TRO Motion at 2. He advises that he currently feels suicidal because of the conditions of his confinement, but the prison mental

health doctor has ignored him.[1] Id. at 2, 3. He requests to be immediately transferred to a prison with inpatient mental health services. Id. at 2.

Lamm's Complaint and supporting exhibits show that on May 23, 2023, he was released from a mental health program at Wakulla Correctional Institution and sent to a close-management cell at Florida State Prison where he has been evaluated by a mental health doctor. See Doc. 1 at 16; Doc. 1-2 at 1; Doc. 1-3 at 2; Doc. 1-4 at 1. According to a grievance response dated June 27, 2023, Lamm is "being offered mental health group three times per week, individual therapy monthly, mental health rounds weekly, and psychiatric services as prescribed." See Doc. 1-2 at 1, 7.

The Court is of the opinion that injunctive relief is not warranted. Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction,[2] "is an extraordinary and drastic remedy." Wreal, LLC

---

[1] In light of Lamm's assertions, the Clerk of Court sent a copy of Lamm's Motion (Doc. 3) and the Court's Amended Standing Order (Doc. 5) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Lamm's institution.

[2] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued ex parte, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). See also M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)).

> To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Lamm has failed to carry his burden. Therefore, his request is due to be denied.

Further, district courts generally will not interfere in matters of prison administration, including an inmate's custody status or location of confinement because "the decision where to house inmates is at the core of prison administrators' expertise." See McKune v. Lile, 536 U.S. 24, 39 (2002). See also Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Meachum v. Fano, 427 U.S. 215 (1976)) ("[I]nmates usually possess no constitutional right to be housed at one prison over another.").

Therefore, it is now

**ORDERED:**

1.     Plaintiff's Motion for Emergency Temporary Restraining Order (Doc. 3) is **DENIED**.

2.     Plaintiff's Emergency Motion for Appointment of Counsel (Doc. 4) is **DENIED without prejudice**. A plaintiff in a civil case has no constitutional right to counsel, even when proceeding IFP. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The IFP statute affords a court discretion to recruit a lawyer to represent an indigent litigant for free, 28 U.S.C. § 1915(e)(1), but a court should exercise its discretion "only in exceptional circumstances," Bass, 170 F.3d at 1320. Exceptional circumstances are not present here. Lamm demonstrates he can present his positions and litigate on his own behalf, and the claims are not so complex as to justify the appointment of counsel at this juncture. The Court may reconsider the request if the circumstances change (for example, if the case proceeds to a settlement conference or trial).

3.     The Court will rule on Plaintiff's Application to Proceed IFP (Doc. 2) by separate order.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of July, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6
c:     Devin Eric Lamm, #168538

5